**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRUNCH LOGISTICS INC., T/A MONTY'S SANDWICH SHOP, on behalf of itself and all others similarly situated,<br>Plaintiff,<br>v.<br>DONEGAL INSURANCE GROUP<br>Defendant. | CASE NO.: 21-639 |

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Donegal Mutual Insurance Company (incorrectly identified in the caption as Donegal Insurance Group) ("Donegal"), by and through its undersigned counsel, Timoney Knox, LLP, files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

This Notice is filed pursuant to 28 U.S.C. § 1441 and 1446, and under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446, and 1453) ("CAFA").

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because there is minimal diversity of citizenship and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Donegal's grounds for removal are set forth in more detail below.

**I.    BACKGROUND**

1.     This action relates to a property insurance claim presented by Plaintiff under a businessowners insurance policy issued by Donegal bearing policy number BOP9019101 (the "Policy"). A true and correct copy of the Policy is attached as Exhibit 1.

1650840-1

2. Plaintiff previously asserted identical class action claims against Donegal via complaint filed in this District, which was docketed at Case No. 5:20-cv-02525-JFL. Plaintiff voluntarily dismissed that action with leave of court and over Donegal's objection on December 16, 2020. *See* Case No. 5:20-cv-02525-JFL, Dkt. No. 22.

3. On or around December 23, 2020, Plaintiff re-commenced this litigation by filing a new Class Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, which was docketed at Case No. 201201472. As required under 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit 2.

4. Plaintiff's Complaint asserts a declaratory judgment claim against Defendant, in connection Donegal's denial of Plaintiff's business interruption insurance claim for losses caused by the COVID-19 pandemic and related governmental orders. *See* Exh. 2.

5. Donegal first received Plaintiff's Complaint on January 22, 2021.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

6. The United States District Courts hold original jurisdiction over, *inter alia*, all civil actions where the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant, and where there are at least 100 members in the putative class. 28 U.S.C. § 1332(d).

7. Any civil action brought in a state court over which the District Courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

8. Defendants seek to exercise their rights under the provisions of 28 U.S.C. § 1441, *et seq.*, and CAFA to remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which said action is now pending, to the United States District Court for the Eastern District of Pennsylvania, which embraces Philadelphia County.

**A.    THIS LAWSUIT IS A "CLASS ACTION" AS DEFINED BY CAFA.**

9. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. Plaintiff styles this lawsuit as a class action brought pursuant to Pa. R.C.P. 1701, *et seq.*. *See* Exh. 2, ¶¶ 1, 93-101.

11. As such, this lawsuit is a "class action" as defined by CAFA.

**B.    PLAINTIFF'S ALLEGED CLASS CONSISTS OF GREATER THAN 100 MEMBERS.**

12. Where a plaintiff alleges in its complaint that a proposed class exceeds the jurisdictional limit, a defendant is "entitled to rely on this fact as an admission in favor of jurisdiction." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) (internal citation omitted).

13. Plaintiff's alleged class consists of "thousands of insureds nationwide." Exh. 2, ¶ 95.

14. Therefore, there are at least 100 members in the alleged class. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.    THERE IS MINIMAL DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF'S PROPOSED CLASS AND DEFENDANT.**

15. At the time the Complaint was filed and continuing to the present, Donegal has been an insurance company organized and existing under Pennsylvania law with a principal place of business at 1195 River Road, Marietta, Pennsylvania 17547.

16. Pursuant to 28 U.S.C. § 1332(c)(1), Donegal is a citizen of Pennsylvania.

17. Plaintiff seeks to represent the following nationwide class:

> *All restaurants that have suffered business interruption and lost income as a result of Civil Authority Orders issued in response to the COVID-19 pandemic.*

Exh. 2, ¶ 93.

18. Donegal insures restaurants in Pennsylvania, Maryland, Delaware, Virginia, Ohio, Georgia, Tennessee, Alabama, North Carolina, New Mexico, Texas, Colorado, Utah, Indiana, Illinois, and South Carolina. . *See* Exh. 3, ¶ 4.

19. As Plaintiff's alleged class is not limited to Pennsylvania citizens, at least one member of the class is a citizen of a State other than Pennsylvania.

20. Accordingly, the requisite minimal diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

**D. The Amount in Controversy Exceeds $5,000,000.**

21. Under 28 U.S.C. § 1332(d)(2), diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $5,000,000, exclusive of interests and costs." This requirement is met here.

22. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), and if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Id.* at 88; *see also* 28 U.S.C. § 1446(c)(2)(B).

23.     The amount in controversy in a declaratory judgment action is determined by the value of the object of the litigation.  *See Hunt v. Wash. St. Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  When removing a suit, a defendant may present an estimate of the amount in controversy based on a "reasonable reading of the value of the rights being litigated." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014) (internal citation omitted).

24.     In a declaratory judgment action regarding an insurance policy, the amount in controversy is measured by the value of the underlying claims for which insurance coverage is sought.  *Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001).

25.     As part of its declaratory judgment claim, Plaintiff seeks a declaration of coverage under, *inter alia*, the Policy's Business Income and Extra Expense Coverage, which is subject to a limit of insurance for the "actual loss sustained" during a 12-month period.  *See* Exh. 1, Declarations, p. 2 of 9.

26.     Here, there is no question that the amount in controversy in this case exceeds $5,000,000.  Plaintiff's Policy provides potentially uncapped coverage for covered business income losses.  Plaintiff claims that its situation is typical of other members of the alleged class.  *See* Exh. 2, ¶ 98.

27.     Significantly, in March 2020, Donegal had in force 1,300 commercial policies with business interruption coverage issued to restaurants throughout the United States. 666 of those policies were issued in Pennsylvania.  *See* Exh. 3, ¶ 5

28.     In 2019, the average value of the restaurant business interruption claims paid by Donegal was $21,896.35.  *See* Exh. 3, ¶ 6.

29. Accordingly, based on the number of commercial policies in force in March 2020 (1,300) and the average value of restaurant business interruption claims ($21,896.35), a reasonable estimate of the amount in controversy for this litigation is $28,465,255.

30. Moreover, in Plaintiff's previous Class Action Complaint, which asserted the same claims against on behalf of the same proposed class, Plaintiffs admitted that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." Case No. 5:20-cv-02525-JFL, Dkt. No. 1, ¶ 5.

31. The amount in controversy exceeds $5,000,000, exclusive of interest and costs.

32. Therefore, while Defendants do not concede that Plaintiff is entitled to any relief, a fair reading of the Complaint and the Policy indicates an amount in controversy that exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1332(d).

**III.  VENUE**

33. This action is removable from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1453, and 28 U.S.C. § 1441(a) because Plaintiff's proposed class exceeds 100 members, the citizenship of at least one member of Plaintiff's proposed class and Donegal is diverse, and the amount in controversy, exclusive of interest and costs, is in excess of $5,000,000.

**IV.  CONCLUSION**

34. Pursuant to 28 U.S.C. § 1446(a), no other pleadings, filings and orders have been served on or by Donegal in the above-captioned litigation.

35. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty (30) days after Donegal's receipt of Plaintiff's Complaint.

36. Written notice of the filing of this Notice of Removal will be sent forthwith to counsel of record for Plaintiff, Richard M. Golomb, Esquire and Kenneth J. Grunfeld, Esquire of Golomb & Honik, P.C.

37. A true and correct copy of this Notice of Removal will be filed with the Prothonotary for the Court of Common Pleas of Philadelphia County, Pennsylvania.

38. The undersigned represents all Donegal in this action, which consents to this removal. There are no other defendants whose consent must be obtained relative to the same.

**WHEREFORE**, for the reasons set forth above, Defendant, Donegal Mutual Insurance Company (incorrectly identified in the caption as Donegal Insurance Group) hereby removes this action from the Court of Common Pleas, Philadelphia County, Commonwealth of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**TIMONEY KNOX, LLP**

Date: February 11, 2021     BY:     s/ Robert T. Horst
Robert T. Horst, Esquire
Robert M. Runyon III, Esquire
Matthew B. Malamud, Esquire
400 Maryland Drive
Fort Washington, PA 19034
215-646-6000
215-646-0379 (fax)
rhorst@timoneyknox.com
rrunyon@timoneyknox.com
mmalamud@timoneyknox.com

*Attorneys for Defendant,
Donegal Mutual Insurance Company
(incorrectly identified in the caption as Donegal Insurance Group)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRUNCH LOGISTICS INC., T/A MONTY'S SANDWICH SHOP, on behalf of itself and all others similarly situated,<br>Plaintiff,<br>v.<br><br>DONEGAL INSURANCE GROUP<br>Defendant. | CASE NO.: 21-639 |

## CERTIFICATE OF SERVICE

I, Robert T. Horst, Esquire, hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

**TIMONEY KNOX, LLP**

**BY:**    s/ Robert T. Horst
          Robert T. Horst, Esquire